Laurence L. LAMBERT, et al.,
Plaintiffs–Appellants,

v.

FEDERAL SAVINGS & LOAN
INSURANCE CORPORATION,
Defendant–Appellee.

No. 88–3432.

United States Court of Appeals,
Fifth Circuit.

April 24, 1989.

Richard J. Tomney, Jr., Metairie, La., for plaintiffs-appellants.

Thomas J Segal, Cassandra N. Jones, Assoc. Gen. Counsel, Washington, D.C., for defendant-appellee.

Before CLARK, Chief Judge, HIGGINBOTHAM, Circuit Judge, and FISH *, District Judge.

PER CURIAM:

This is an action challenging a determination by the Federal Savings and Loan Insurance Corporation (FSLIC) that certain funds on deposit at two failed thrift institutions were not insured. The district court granted summary judgment for FSLIC. We affirm.

* District Judge of the Northern District of Texas, sitting by designation.

## I.

In 1986, the Federal Home Loan Bank Board (FHLBB) appointed the FSLIC as receiver for Audubon Federal Savings and Loan Association (Audubon) and Crescent Federal Savings Bank (Crescent). Both failed thrifts were located in Louisiana and were federally chartered and insured. The FHLBB directed the FSLIC in its corporate capacity to make payment on each insured account at Audubon and Crescent in accordance with FSLIC insurance regulations. Laurence Lambert, his wife, and his engineering firm, Laurence Lambert & Associates, Engineers dispute the FSLIC's treatment of the following four accounts at the failed thrifts:

| | | Account Title | Balance |
|---|---|---|---|
| | **Audubon** | | |
| Acct. | No. 52–064003927 | Laurence Lambert | $ 91,593.75 |
| Acct. | No. 52–064003943 | Laurence Lambert & Associates, Engineers | $ 91,593.75 |
| | **Crescent** | | |
| Acct. | No. 81–5160 | Laurence Lambert | $ 30,605.69 |
| Acct. | No. 81–2587 | Laurence Lambert & Associates, Engineers | $108,119.44 |

After investigation the FSLIC concluded that the engineering firm was a sole proprietorship and thus the accounts held in the firm's name were not insured separately from the accounts held in the name of Laurence Lambert. Accordingly, the FSLIC aggregated the two accounts at Audubon and paid the insured limit of $100,000 for the accounts. The FSLIC also aggregated the two accounts at Crescent and paid $100,000 for those accounts. The FHLBB upheld FSLIC's determinations.

Lambert, his wife, and his engineering firm sued the FSLIC in its corporate capacity seeking payment of insurance for the portions of the accounts that FSLIC found to be uninsured. The district court granted summary judgment for the FSLIC, and plaintiffs appeal.

## II.

The parties disagree as to whether FSLIC insurance determinations are reviewable *de novo* or under the arbitrary and capricious standard of the Administrative Procedure Act. We have supported the proposition that "the FSLIC's determination on insurance must be challenged by seeking review pursuant to the Administrative Procedure Act." *Godwin v. Federal Savings & Loan Insurance Corp.*, 806 F.2d 1290, 1292 (5th Cir.1987). However, that proposition was based on our holding in *North Mississippi Savings and Loan Association v. Hudspeth*, 756 F.2d 1096 (5th Cir.1985), *cert. denied*, 474 U.S. 1054, 106 S.Ct. 790, 88 L.Ed.2d 768 (1986), that determinations by the FSLIC as receiver cannot be subject to *de novo* review because of the existence of administrative procedures that must be exhausted. *Hudspeth* has been substantially overruled by the Supreme Court's recent holding that FSLIC as receiver does not have power to adjudicate creditor's claims and that creditor's claims are subject to *de novo* review in court. *Coit Independence Joint Venture v. Federal Savings and Loan Insurance Corp.*, —— U.S. ——, 109 S.Ct. 1361, 103 L.Ed.2d 602 (1989). It is unnecessary to decide whether *Coit* requires *de novo* review of FSLIC insurance determinations. Under any standard of review the district court correctly found that in the instant case there is no genuine issue as to any material fact and that FSLIC is entitled to judgment as a matter of law.

Plaintiffs argue that the accounts held in the name of the engineering firm are separately insured accounts of an unincorporated association engaged in an independent activity within the meaning of 12 C.F.R. § 564.7. Both parties agree that state law is determinative in deciding whether the engineering firm is an unincorporated association. *See* 12 C.F.R. § 564.2(a). Relying on La. Rev. Stat. Ann. § 12:501 and La.Code Civ. Proc. Ann. arts. 689, 738 and 1264, the district court found that under Louisiana law the term "unincorporated association" means an association formed for a charitable or other noncommercial purpose. Plaintiffs cite no Louisiana law to the contrary. The district court's interpretation of Louisiana law is correct. The facts show without dispute that the Lambert engineering firm is a commercial organization operated for profit. Therefore, it cannot be an unincorporated association under Louisiana law. Ac-

cordingly, the account held in the name of Laurence Lambert & Associates, Engineers cannot be separately insured under 12 C.F.R. § 564.7 regardless of whether it is engaged in an independent activity.

 Plaintiffs argue in the alternative that the accounts held in the name of the engineering firm are separately insurable as "joint accounts" under 12 C.F.R. § 564.9(a) because Lambert and his wife each own an undivided one-half interest in the firm's accounts by virtue of Louisiana's community property laws. This contention too is without merit. The district court correctly found that the firm's accounts could not qualify as joint accounts under the regulations applicable at the time the FSLIC made its insurance determination. Lambert's wife had not executed an account signature card. This was a requirement at that time. *See* 12 C.F.R. § 564.9(a) (1986). The FHLBB amended this regulation in March 1988 by deleting the requirement that each co-owner of a joint account must execute a signature card. 53 Fed. Reg. 8167 (1988). However, the amended regulation still requires that the account be held in the names of two or more persons. Since Lambert's wife's name was not denominated as a joint or partial owner of the firm accounts, the accounts would fail to qualify as joint accounts even under the amended regulation.

FSLIC regulations expressly state that funds owned by a husband and wife community but invested solely in the name of an individual are insured up to $100,000 in the aggregate. 12 C.F.R. § 564.3(a). This result is mandated by 12 U.S.C. § 1724(b):

> Notwithstanding any other provision of law, two persons who are husband and wife shall have, with respect to accounts in an insured institution which are community property of such husband and wife and to the extent that such accounts are community property, not to exceed $100,000 of insurance with respect to such an account or accounts in the sole name of the husband ...

The accounts held in the name of Laurence Lambert & Associates, Engineers were not separately insured as joint accounts by virtue of Louisiana community property laws.

FSLIC contends on appeal that the court has no jurisdiction to award monetary damages. We do not reach this issue in view of our affirmance of the district court's refusal to award any damages.

The judgment of the district court is AFFIRMED.