**Patrick A. HYMEL, CLU and Associates, Inc., Patrick A. Hymel, as Trustee for Patrick A. Hymel, CLU and Associates, Inc. Retirement Plan, and Patrick A. Hymel and Jamie Hymel, Individually, Plaintiffs–Appellants,**

v.

**FEDERAL DEPOSIT INSURANCE CORPORATION, as Manager of the Federal Savings and Loan Insurance Corporation Resolution Fund, Defendant–Appellee.**

No. 90–3250.

United States Court of Appeals,
Fifth Circuit.

March 12, 1991.

Richard J. Tomeny, Jr., Metairie, La., for plaintiffs-appellants.

Christopher J. Bellotto, FDIC, Washington, D.C., John Volz, U.S. Atty., Jill Lynn

Ondrejko, New Orleans, La., for defendant-appellee.

Before POLITZ, WILLIAMS, and JONES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

In various capacities, Patrick A. and Jamie Hymel sued the Federal Deposit Insurance Corporation (FDIC) seeking payment of $100,000 in deposit insurance for Jamie's beneficial interest in trust funds deposited with a failed savings and loan in New Orleans. The United States District Court for the Eastern District of Louisiana granted the FDIC's motion for summary judgment and entered judgment in favor of the FDIC. We affirm.

## I.

The parties do not dispute the underlying facts. On June 20, 1986, the Federal Home Loan Bank Board determined that grounds existed to appoint the Federal Savings and Loan Insurance Corporation (FSLIC) as receiver for the federally-chartered New Orleans Federal Savings and Loan Association. The FSLIC intended to liquidate the insolvent New Orleans Federal and make payments of deposit insurance in accordance with the FSLIC's regulations. At this time, the "Patrick A. Hymel, CLU and Associates, Inc. Retirement Plan" ("Plan") held a trust account at New Orleans Federal with a balance of $300,616.56. The Plan was established by Patrick A. Hymel, CLU and Associates, Inc. (the corporation), of which Patrick A. Hymel was the sole shareholder; Hymel was the trustee and sole participant of the Plan. Contributions by the corporation comprised $67,338.11 of the Plan's account balance, while Hymel's individual contributions as an employee comprised the remaining $233,278.45.

The FSLIC, of which the FDIC is statutory successor, *see* note 1 *infra*, determined that the corporate contributions, as a valid "trust estate," were insurable up to $100,000, and thus fully insured. Hymel's individual contributions were treated as his individual account, meriting deposit insurance coverage up to $100,000 and no more. Consequently, the FSLIC paid Hymel deposit insurance in amount of $167,338.11 and gave him a Certificate of Claim in Liquidation, entitling him to a pro rata share of the remains of New Orleans Federal, for the uninsured balance of $133,278.45. Contending that he was entitled to an additional $100,000 of deposit insurance for his wife's interest in the Plan's account, Hymel pursued his claim through the FSLIC's administrative review process. Meeting with no success, he filed this suit in federal district court.

## II.

The parties dispute whether the federal courts should review the FSLIC's deposit insurance determinations de novo under *Coit Independence Joint Venture v. FSLIC*, 489 U.S. 561, 109 S.Ct. 1361, 1368–71, 103 L.Ed.2d 602 (1989), or under the less demanding "arbitrary and capricious" standard set forth in the Administrative Procedure Act, 5 U.S.C. § 706(2)(A).[1] Based on the ramifications of *Coit*, we conclude that the FSLIC's determinations of insurance claims are not subject to de novo review in court but must be challenged by seeking review pursuant to the Administrative Procedure Act.

*Coit* posed the issue for review as follows: "This case presents the question whether Congress granted the [FSLIC], *as receiver*, the exclusive authority to adjudicate the *state law claims* asserted against a failed savings and loan association. We hold that Congress did not grant the FSLIC such power...." 109 S.Ct. at 1364 (emphasis added). On its face, *Coit* dealt with

---

1. We note that Congress radically revamped the nation's deposit insurance scheme by enacting the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 (FIRREA), Pub.L. No. 101–73, 103 Stat. 183. Title IV of FIRREA abolished the FSLIC and transferred its duties

and authority with respect to deposit insurance to the FDIC. Consequently, the statutes and regulations that underlay this case no longer exist. With that caveat in mind, this opinion will cite the pre-FIRREA versions of the pertinent statutes and regulations.

the FSLIC's authority as the "receiver" of a failed thrift. In this case, the FSLIC was acting as an "insurer" of deposits. Courts have long recognized the distinction. *See, e.g., Godwin v. FSLIC,* 806 F.2d 1290, 1291 n. 1 (5th Cir.1987); *cf. FDIC v. Condit,* 861 F.2d 853 (5th Cir.1988) (recognizing the distinction between FDIC as insurer and FDIC as receiver). Thus, *Coit* does not directly apply to this case. Moreover, the FSLIC as receiver "stands in the shoes of the insured institution." *Morrison–Knudsen Co. v. CHG Int'l, Inc.,* 811 F.2d 1209, 1222 (9th Cir.1987), *cert. dismissed sub nom. FSLIC v. Stevenson Assocs.,* 488 U.S. 935, 109 S.Ct. 358, 102 L.Ed.2d 349 (1988). By contrast, the FSLIC as insurer stands shod in its own right as "an authority of the Government of the United States" within the meaning of the Administrative Procedure Act, 5 U.S.C. § 551(1). *See Godwin,* 806 F.2d at 1292 & n. 5.

Finally, *Coit* involved the FSLIC's attempt as. receiver to adjudicate all kinds of claims arising under state law, rather than deposit insurance claims arising under a federal statutory program administered by a federal agency. All these differences convince us that *Coit* does not control this case. Accordingly, we fall back on our holding in *Godwin,* 806 F.2d at 1292, recognized in *Lambert v. FSLIC,* 871 F.2d 30, 32 (5th Cir.1989) (per curiam), that "the FSLIC's determination on insurance must be challenged by seeking review pursuant to the Administrative Procedure Act." *Accord York Bank & Trust Co. v. FSLIC,* 851 F.2d 637, 639–41 (3d Cir.1988), *cert. denied,* 488 U.S. 1005, 109 S.Ct. 785, 102 L.Ed.2d 777 (1989). This is also the holding of *Abdulla Fouad & Sons v. FDIC,* 898 F.2d 482, 483 (5th Cir.1990), a post-*Coit* case in which the court reviewed a deposit insurance determination by the FDIC. *Abdulla Fouad* explained that courts may set aside an agency determination only if it is arbitrary, capricious, or an abuse of discretion or otherwise not in accordance with law. 5 U.S.C. § 706. On appeal from a summary judgment, we review the district court's decision under this standard *de novo.*

### III.

■ When the FSLIC was appointed as receiver for New Orleans Federal, the FSLIC was a corporation created by federal statute, 12 U.S.C. § 1725(a), and charged with the duty to insure the deposit accounts of all federally-chartered savings and loan associations, 12 U.S.C. § 1726(a)(1). Deposit insurance is generally limited to $100,000 per account, but "funds held in a fiduciary capacity ... shall be insured in an amount not to exceed $100,000 for each trust estate, and ... such insurance shall be separate from and additional to that covering other investments by ... the beneficiaries of such trust estates." 12 U.S.C. § 1724(b). "For the purpose of clarifying and defining the insurance coverage," the FSLIC is authorized to prescribe regulations. 12 U.S.C. § 1728(a). The provisions of 12 C.F.R. pertinent to this case provide:

#### § 561.4 Trust estate.

The term "trust estate" means (a) the interest of a beneficiary in an irrevocable express trust, whether created by trust instrument or statutes, but does not include any interest retained by the settlor....

. . . . .

#### § 564.2 General principles applicable in determining insurance of accounts.

(c) *Valuation of trust interests.* (1) Trust estates (as defined in § 561.4 of this subchapter) in the same trust invested in the same account will be separately insured if the value of the trust estate is capable of determination, as of the date of default ...: *Provided,* that (i) in connection with pension and other trusteed employee benefit funds (including those qualifying under section 401(d) or section 408(a) of the Internal Revenue Code of 1954), the trust estate of each participant shall be evaluated as if the trust were irrevocable and the interest of the participant had fully vested as of the date of default of the insured institution....

. . . . .

**§ 564.10 Trust accounts and IRA and Keogh accounts.**

All trust estates for the same beneficiary invested in accounts established pursuant to valid trust arrangements created by the same settlor (grantor) shall be added together and insured up to $100,000 in the aggregate, separately from other accounts of the trustee of such trust funds or of the settlor or beneficiary of such trust arrangements, except that (a) all vested and ascertainable interests of the same beneficiary which qualify under section 401(d) of the Internal Revenue Code of 1954 shall be added together and insured up to $100,000 separately from any trust interests of the beneficiary....

Hymel argues that his wife has an insurable "interest" in the Plan's account because she is a "beneficiary" of the Plan within the meaning of §§ 561.4(a) and 564.10.[2] If so, the Hymels claim an additional $100,000 of insurance coverage for that interest. The FSLIC argues that in the context of "pension funds," "beneficiary" is limited to the employee "participant" in the pension fund, citing § 564.2(c)(1)(i). If so, Hymel's wife has no insurable interest in the Plan's account, and the Hymels have received all the insurance coverage to which they are entitled. As we explain below, the arguments of both parties are reasonable interpretations of somewhat ambiguous regulations. Consequently, the Supreme Court's decision in *Chevron U.S.A., Inc. v. National Resources Defense Council, Inc.,* 467 U.S. 837, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984), compels us to uphold the FSLIC's determination. *Chevron* held:

We have long recognized that considerable weight should be accorded to an executive department's construction of a statutory scheme it is entrusted to ad-

minister, and the principle of deference to administrative interpretations

"has been consistently followed by this Court whenever decision as to the meaning or reach of a statute has involved reconciling conflicting policies, and a full understanding of the force of the statutory policy in the given situation has depended upon more than ordinary knowledge respecting the matters subjected to agency regulations. ..."

*Accord Capital Cities Cable, Inc. v. Crisp,* 467 U.S. 691, 699–700, 104 S.Ct. 2694, 2700–2701, 81 L.Ed.2d 580 (1984). 467 U.S. at 845–46, 104 S.Ct. at 2782–83. (footnote omitted)

We first examine Hymel's interpretation. He reads "beneficiary" broadly, giving it the meaning it has in the law of trusts: "[a] person is a beneficiary of a trust if the settlor manifests an intention to give him a beneficial interest." *Restatement (Second) of Trusts* § 127 (1959). The parties agree that Hymel was the settlor of his individual contributions to the Plan and that he named his wife as his beneficiary in the Plan documents. In addition, because the Plan is intended to qualify as a tax-deferred pension plan under section 401(d) of the Internal Revenue Code, it requires that Hymel's accrued benefits be provided in the form of a "joint and survivor annuity" or a "preretirement survivor annuity" as those are defined in section 401(a)(11) of the Code.[3] These annuities will guarantee Hymel's wife significant annual payments after his death, notwithstanding any provision of state probate law. Hymel also argues that the term "trust estate of each participant" in § 564.2(c)(1)(i) does not limit the trust estate to only one person. In other words, any single participant's (employee's) trust estate can encompass multi-

---

**2.** Hymel also contends that FSLIC erred in determining that his personal contributions to the Plan were not a separate trust estate, insurable pursuant to 12 C.F.R. § 564.2, but were instead governed by the individual account rule, 12 C.F.R. § 564.3. Because this dispute does not materially affect the amount of insurance coverage claimed by Hymel, we need not discuss it.

**3.** Whether the Plan qualified under I.R.C. § 401(d) as a Keogh Plan is hotly disputed by

the parties. We accept *arguendo* Hymel's characterization of his Plan, but this characterization is not sufficient to overcome the FSLIC's interpretation that its regulations cover only the self-employed individual who *made the deposits* into the Keogh plan. 12 C.F.R. § 564.10(a). The FSLIC's interpretation precludes Mrs. Hymel's status as a "beneficiary" under this provision.

ple beneficiaries, just as a non-pension trust can have many beneficiaries. This interpretation is not irrational, although it would dramatically expand the complexity and scope of federal deposit insurance.

The FSLIC, by contrast, interprets § 564.2(c)(1)(i) as limiting the meaning of "beneficiary" used in the FSLIC regulations. The determination of Hymel's insurance coverage falls within the ambit of § 564.2(c)(1)(i) because it arises "in connection with pension and other trusteed employee benefit funds (including those qualifying under section 401(d) of the Internal Revenue Code): The provision lays down rules for evaluating "the trust estate of each *participant*" and refers to "the interest of the *participant*" (emphases added). Therefore, argues the FSLIC, § 564.2(c)(1)(i) contemplates that only a "participant" will have a "trust estate" or an "interest" in connection with a pension fund. On this ground, the FSLIC concludes that in the context of pension funds, "beneficiary" equals "participant," and Hymel, as the only participant, was thus the only beneficiary, for deposit insurance purposes, of his Plan. Further, even though Jamie Hymel is identified as a Plan "beneficiary," her interest is that of a survivor in the event of her husband's death. Her status is purely derivative. FSLIC's interpretation of the regulations is at least as persuasive as Hymel's and, because we must defer to the agency's non-arbitrary, rational actions, we must uphold the agency's decision.

Two other points bolster our confidence in this conclusion. First, the words "beneficiary" and "participant" are often used interchangeably in connection with pension plans, both meaning roughly "the employee who participates in the pension plan and receives benefits under it." Indeed, in a letter to the FSLIC, Hymel's counsel referred to Hymel as "the trustee and *sole beneficiary*" under the Plan (emphasis added). It is reasonable for the FSLIC to adopt this parlance in reading its regulations. Second, the FSLIC has apparently applied this interpretation with some consistency. In response to Hymel's motion for summary judgment, the FSLIC at-

tached copies of five prior administrative determinations it had made in similar deposit insurance appeals. All five considered the insurability of a spouse's interest in an employee's pension plan; all five determined that the spouse had no insurable interest.

In conclusion, the FSLIC's denial of additional deposit insurance coverage to Hymel was not contrary to the Administrative Procedure Act. The judgment of the district court is AFFIRMED.